IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

FELICIA K. HARL                                                                                          PLAINTIFF

        v.                              Civil No. 13-2255

CAROLYN W. COLVIN,[1] Commissioner
Social Security Administration                                                                    DEFENDANT

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, Felicia K. Harl brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration (Commissioner) denying her claim for disability insurance benefits ("DIB") and supplemental security income under Titles II and XVI of the Social Security Act (hereinafter "the Act"), 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). In this judicial review, the court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405(g).

**I.     Procedural Background**

Plaintiff applied for SSI and DIB on August 9, 2009. (Tr. 11.) Plaintiff alleged an onset date of January 30, 2007 based on shoulder surgery for thoracic outlet syndrome; bulging disk in lower back which causes "severe pain" in back, hips and legs; weakness in right shoulder and arm; inability to raise the right arm above the shoulder; numbness and pain in right shoulder. (Tr. 11, 149.)  Plaintiff's applications were denied initially and on reconsideration. Plaintiff requested an administrative hearing, which was held on September 29, 2010 in front of Administrative Law Judge ("ALJ") Ronald L. Burton. Plaintiff was present to testify and was represented by counsel.  The ALJ also heard testimony from Vocational Expert ("VE") Monty Lumpkin. (Tr. 25.)

---

[1]Carolyn W. Colvin became the Social Security Commissioner on February 14, 2013. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Carolyn W. Colvin has been substituted for Commissioner Michael J. Astrue as the defendant in this suit.

At the time of the administrative hearing, Plaintiff was 42 years old, and possessed a high school diploma. The ALJ found that Plaintiff had past relevant work experience ("PRW") of production welder, bead molder, and forklift operator. (Tr. 19.)

On December 9, 2010, ALJ Burton concluded that Plaintiff had the following severe impairments: degenerative disc disease in her cervical spine and lumbar spine, and obesity. (Tr. 13.) The ALJ found that Plaintiff maintained the residual functional capacity to perform light work with no additional limitations. (Tr. 16.) With the assistance of the VE, the ALJ determined that the Plaintiff could perform such representative occupations as light semi-skilled machine operator, with examples of fishing accessory maker, plumbing fitting finisher, and filing machine operator. (Tr. 19-20.)

Plaintiff requested a review by the Appeals Council on February 4, 2011. (Tr. 4.) The Appeals Council declined review on December 1, 2011. (Tr. 1.)

Plaintiff filed an appeal to federal court on December 12, 2011. (Tr. 413.) On November 14, 2012, this Court noted that "none of the Plaintiff's treating physicians were asked to make a physical residual functional capacity assessment." (Tr. 422.) The case was therefore remanded with a directive to the ALJ to "address specific inquiries to obtain an RFC from the Plaintiff's treating physician." (Tr. 422.) The Court also noted that there were two divergent non-examining RFC Assessments from Agency Physicians Payne and Takach, and that "[i]nterestingly the ALJ does not try to differentiate between the two divergent RFC assessments but discounts both." (Tr. 420.)

In accordance with court remand order, the AC vacated and remanded the first decision on January 15, 2013. (Tr. 428.)

A second administrative hearing was held on April 1, 2103 in front of ALJ Burton. Plaintiff was present to testify and was represented by counsel. The ALJ also heard testimony from VE Larry Seifert. (Tr. 355.)

AO72A
(Rev. 8/82)

At the time of the administrative hearing, Plaintiff was 45 years old, and possessed a high school diploma. The ALJ found that Plaintiff had past relevant work experience ("PRW") of wire machine tender, forklift driver, and quality checker. (Tr. 348.)

On August 27, 2013, ALJ Burton concluded that Plaintiff had the following severe impairments: degenerative disc disease, lumbago, chronic low back pain, and obesity. (Tr. 13.) The ALJ found that Plaintiff maintained the residual functional capacity to perform light work with no additional limitations. (Tr. 345.) With the assistance of the VE, the ALJ determined that the Plaintiff could perform her past relevant work as a quality checker. (Tr. 348.)

The ALJ's decision is the final Agency decision in the case pursuant to 20 C.F.R. § 404.984.

Plaintiff filed the current appeal to federal court on December 11, 2013. (ECF. No. 1.) Both parties have filed appeal briefs, and the case is now ready for decision. (ECF Nos. 13, 14.)

**II.     Applicable Law:**

This court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Cox v. Astrue*, 495 F.3d 614, 617 (8th Cir. 2007). Substantial evidence is less than a preponderance, but enough that a reasonable mind would find it adequate to support the Commissioner's decision. *Id*. "Our review extends beyond examining the record to find substantial evidence in support of the ALJ's decision; we also consider evidence in the record that fairly detracts from that decision." *Id*. As long as there is substantial evidence in the record to support the Commissioner's decision, the court may not reverse the decision simply because substantial evidence exists in the record to support a contrary outcome, or because the court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). If the court finds it possible "to draw two inconsistent positions from the evidence, and one of those positions represents the Secretary's findings, the court must affirm the decision of the Secretary." *Cox*, 495 F.3d at 617 (internal quotation and alteration omitted).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001); *see* 42 U.S.C. § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months. *Titus v. Sullivan*, 4 F.3d 590, 594 (8th Cir. 1993).

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his age, education, and experience. *See* 20 C.F.R. § § 404.1520(a)- (f)(2003). Only if the final stage is reached does the fact finder consider the plaintiff's age, education, and work experience in light of his or her residual functional capacity. *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C .F.R. § § 404.1520, 416.920 (2003).

### III. Discussion

Plaintiff raises three issues on appeal: 1) the ALJ failed to follow judicial mandate and fully develop the record as to Plaintiff's RFC; 2) the ALJ improperly discounted Plaintiff's subjective claims of pain; and 3) the ALJ erred in his credibility analysis as it related to Plaintiff's pain. (Pl.'s Br. at 14, 18, 19.) This Court agrees that the ALJ has yet to obtain a Physical RFC Assessment from a treating or examining physician. Therefore, the other issues will not be addressed.

The Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." *Lauer v. Apfel*, 245 F.3d 700, 704 (8th Cir. 2001) Therefore, a claimant's RFC Assessment "must be based on medical evidence that addresses the claimant's ability to function in the workplace.""An administrative law judge may not draw upon his own inferences from medical reports."*Nevland v. Apfel*, 204 F.3d 853, 858 (8th Cir. 2000). Instead, the ALJ should seek opinions from a claimant's treating physicians or from consultative examiners regarding the claimant's mental and physical RFC. *Id.*; *Strongson v. Barnhart,* 361 F. 3d 1066, 1070 (8th Cir. 2004.)

After the first court remand, an RFC request was sent to Plaintiff's treating physicians at the Choctaw Nation of Oklahoma Rubin White Health Clinic. On April 9, 2013 the Clinic sent a form letter stating the following: "Our providers do not fill out questionnaires. Sorry for the inconvenience." (Tr. 554.)

On May 13, 2013, Plaintiff underwent a consultative examination by orthopedic specialist Dr. Ted Honghiran. (Tr. 556-59.) He had access to her past medical records, and noted that while her scans of knee and neck were essentially normal, the MRI scan of her back showed degenerative disc disease of of the L5S1 level with a bulging disc of the lumbar spine. He noted that she was "markedly overweight." He also noted "limited range of motion of the lumbar spine at 30 degrees of flexion with pain and has 10 degrees of side bending on both sides." (Tr. 557.) He also noted balance limitations and an inability to squat.  His impression was as follows:  "It is my impression that this lady has a history of having chronic pain in her low back from being overweight and from chronic lumbosacral train in nature with no evidence of a herniated disc and no signs of neurological deficits noted."(Tr. 557.) His recommendations were as follows: "Her prognosis is poor because of her weight problems. I feel she will continue to have pain in her lower back. (Tr. 557.)

Unfortunately, Dr. Honghiran did not complete any type of Physical RFC Assessment that would relate his exam findings to Plaintiff's ability to function in the workplace.

5

The ALJ did not recontact Dr. Honghiran and request that he complete a Physical RFC Assessment. Instead, the ALJ appears to have decided to rely upon an RFC Assessment completed by non-examining physician Dr. Bill Payne on January 27, 2010. (Tr. 284.) The ALJ's reliance upon this opinion is troubling for three reasons.

First, in his 2010 opinion, ALJ Burton dismissed both Dr. Payne's and Dr. Takach's non-examining RFC Assessments as "brief, devoid of any rationale or findings of fact and conclusory in nature. In addition, their findings are inconsistent with the evidence of the record as a whole. . ." (Tr. 18.)  Yet in his 2013 opinion, ALJ Burton found that "Dr. Payne's opinion is supported by the evidence as a whole" and "is also supported by the orthopedic consultative examination performed by Ted Honghiran." (Tr. 347.) It is not clear what metamorphosis occurred to transform an opinion that was completely dismissed in the first opinion to one that was obviously relied upon by the same ALJ in his second opinion.

Second, Dr. Payne's assessment is not congruent with Plaintiff's well-documented lower back issues, including the examination results of orthopedic specialist Dr. Honghiran. On examination, Dr. Honghiran noted that she was "markedly overweight" at 5 feet 1 inch and 227 pounds. He noted that she could walk normally, but needed a cane for balance. He noted that she needed help to get on and off the examining table. He noted that she was not able to walk on tiptoes or heels, and "is not able to squat down." (Tr. 557.) Dr. Honghiran also noted significant limitations in Plaintiff's range of motion in her lumbar spine. (Tr. 557.) Yet  Dr. Payne's RFC assessment assigned no postural limitations such as avoiding balancing, stooping, kneeling, crawling or climbing. (Tr. 287.) He also assessed no environmental limitations, such as avoiding heights. (Tr. 289.) Thus, based on the ALJ's Overall RFC Assessment of light work with no additional limitations,  the ALJ appears to have assigned more weight to the opinion of a non-examining generalist over that of an examining specialist. This requires a remand. *See e.g. Brown v. Astrue,* 611 F.3d 941, 953 (8th Cir. 2010) ("[g]reater weight is generally given to the opinion of a specialist about medical issues in the area of specialty, than to the opinion of a non-specialist.").

Third, the ALJ has not yet fulfilled the mandate of the first court remand. As was noted in the first remand opinion, this is a case where two non-examining Agency physicians provided strongly divergent RFC Assessments. (Tr. 419-20.) Dr. Payne assessed an RFC of light work with no additional limitations on January 27, 2010. (Tr. 285-92.) Dr. Takach assessed an RFC of sedentary work with postural, manipulative, and environmental limitations on May 24, 2010. (Tr. 303-10.) Given the divergence, this Court was particularly concerned that there was no RFC Assessment from a treating physician, and remanded with a directive "to obtain an RFC from the Plaintiff's treating physician." (Tr. 422.) At this, the second appeal to this Court, there is still no RFC from a treating or examining physician. This Court understands that Plaintiff's treating physicians at the Rubin White Clinic refused to complete an RFC questionnaire. What this Court does not understand, however, is the failure of Dr. Honghiran - a physician hired and paid by the Agency - to complete an RFC Assessment, and the failure of the ALJ to recontact him to request one. This requires a remand. *See e.g. Sullivan v. Hudson*, 490 U.S. 877, 885-86 (1989) (Due to the detail and complexity often found in Social Security remands, "[d]eviation from the court's remand order in the subsequent administrative proceedings is itself legal error subject to reversal on further judicial review."); *Thornton v. Carter*, 109 F.2d 316, 320 (8th Cir. 1940) (an inferior court is bound to follow both the letter and the spirit of a remand. These are to be construed in light of the entire appellate opinion.).

On remand, the ALJ is once again directed to obtain a Physical RFC Assessment from a *treating or examining* physician. The ALJ has several options to fulfill this directive. If, during the pendency of this appeal, Plaintiff has commenced treatment with a physician who is willing to complete an RFC Assessment, the ALJ may obtain one from that physician. He may also recontact Dr. Honghiran and request that he complete an RFC Assessment for Plaintiff. He may also arrange another consultative examination with an orthopedic specialist. In the request for the examination, the ALJ is directed to explicitly and specifically request that an RFC Assessment be completed by that specialist. Once that

AO72A
(Rev. 8/82)

information is received, the ALJ is directed to utilize it in assessing Plaintiff's overall RFC and present that information to a VE for occupational information.

The Agency is also urged to consider assigning a different ALJ to this case.

### IV. Conclusion

Based on the foregoing, we recommend reversing the decision of the ALJ and remanding this case to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

**The parties have fourteen days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 15th day of August 2014.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)